UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VENUS M. BOBADILLA, individually and as Guardian ad Litem of ZAVANNAH BOBADILLA, a minor, and FLOREMLISA N. MONTANO,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT W. SORENSEN; L&N TRANSPORT, INC.; DOES 1 through 5, and ROE BUSINESS ENTITIES 1 through 5, inclusive,<br><br>Defendants. | Case No. 2:14-cv-866-APG-PAL<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Defendants ROBERT SORENSEN and L&N TRANSPORT, INC. (collectively, "Defendants") removed this case to federal court on June 3, 2014. On June 4, 2014, I ordered Defendants to show cause, in writing, as to why this action should not be dismissed for lack of subject matter jurisdiction and remanded to the state court. On June 20, 2014, Defendants responded to my Order by asserting that they value the potential exposure in excess of $75,000 based on their belief that plaintiffs will require on-going medical treatment through December 17, 2015. (Dkt. #8 at 3:15-19.) That believe apparently is based upon the "Authorization to Disclose Health Information and Other Records" that plaintiffs' counsel provided to Defendants' counsel. (Dkt. #8-1 at p. 4.) But that Authorization does confirm plaintiffs will need treatment through 2015; rather, it simply authorizes the release of records should they come into existence.

The removing party has the burden of proving that removal is proper, and that this court may properly assert jurisdiction over the parties and dispute. If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand

for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement," but where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with instructions to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id.* at 565. The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id.* at 567.

Here, Defendants have offered no medical records or other evidence that the damages in this case will exceed $75,000. Accordingly, I cannot find that I may exercise subject matter jurisdiction in this action.

2

**IT IS THEREFORE ORDERED** that this case is remanded to the state court from where it was removed.

Dated: June 25, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE